WILLIAM H. DIXON *v.* EVAN COOK.

1. EVIDENCE—WRITTEN INSTRUMENTS.— There is no doubt of the general rule that parol evidence is not admissible to contradict the language of written contracts, so as thereby to add to, contradict or vary the contents. But it is competent to resort to extrinsic testimony whenever it is necessary to ascertain the nature, qualities or subjects of written contracts. Illustrations of the rule and its exceptions.

2. SAME—DEEDS—CASE AT BAR.—Bond for title admitted in evidence to aid defective description contained in deed.

3. UNRECORDED DEEDS.—Subsequent purchasers of the same land without notice are the only persons who can complain of and defeat a prior deed because not recorded.

4. ADVERSE POSSESSION.—To constitute adverse possession, two facts must concur: 1. Entry, under color of right, and claiming title as against all the world; and 2d: Possession and appropriating the premises to use, publicly and notoriously, so that all other claimants may take notice. Such possession for ten years confers title under our statute.

5. CIRCUIT COURT SITTING AS A JURY.— The decision of the circuit judge sitting as a jury by consent of parties will be treated in the supreme court in like manner as a verdict of a jury.

6. PRECISE DATE OF THE TERMINATION OF THE CIVIL WAR IN THE UNITED STATES.— April 2d, 1866, the date of the President's proclamation, has been accepted as the date of the termination of the war.

ERROR to the circuit court of the first district of Hinds county. BROWN, J

The opinion of the court contains a statement of the case.

*S. M. Shelton* and *Robb & Porter,* for plaintiff in error.

It is well settled that the plaintiff in ejectment cannot recover unless he shows that the legal title to the

property was in himself at the time the action was begun. Tillinghast's Adams on Ejectment, 32; Heard v. Baird, 40 Miss. 793. It is equally settled that possession by the defendant, accompanied by a claim of title, is sufficient to put the plaintiff on proof of his right. Ib.; Rev. Code of 1857, p. 309, art. 19.

The court erred in admitting the bond for title. It was not evidence of a title, and was clearly incompetent. The court also erred in admitting in evidence the deed from Marshall and Tegarden to Cook, by reason of the fact that the description of the land in the deed does not agree with that in plaintiff's declaration, thus failing to identify the land and to give that certainty of description required by the statute. Nixon v. Porter, 38 Miss. 401, 414; Rev. Code of 1857, p. 386, art. 1; Hally v. Curtis, 3 How. (Miss.) 231; Tyler on Ejectment, 473 *et seq.* The parol evidence offered by plaintiff to explain the deed was clearly inadmissible. Nixon v. Porter, 38 Miss. 413.

The verdict was contrary to the law and the evidence. Where a defendant in ejectment relies for his defence on adverse possession during the period of time prescribed by the statute (Rev. Code of 1857, p. 398, art. 1), a void deed, or one from a party having no title to convey is sufficient to create that color of title necessary to save defendant from being regarded as holding at the sufferance of the true owner, and to show that he claims title to the property adverse to all other claims. Root v. McFerrin, 37 Miss. 17; Bledsoe v. Little, 4 How (Miss.) 13; Ang. on Lim., §§ 391, 398; Magee v. Magee, 37 Miss. 38; Wall v. Wall, 28 Miss. 409. To break the continuity of possession, there must be either a voluntary abandonment by the party in possession, with intention not to return, or a rightful and lawful entry of the true owner. Nixon v. Porter, 38 Miss. 415; Ang. on Lim., (3d ed.) p. 462, § 383; ib. p. 513, § 413; Tyler on Ejct., 99, 100, 159, 908, 909. Though the plain-

tiff establish a good title in himself, yet if it be shown that at the time of his purchase, he knew the land to have been in the possession and occupancy of the defendant, or that such possession was so public and notorious that he must have known it, he cannot recover.   Alexander v. Polk, ——; Bledsoe v. Little, 4 How. (Miss.) 13; 39 ib. 753.

*Frank Johnston,* for defendant in error.

1. The deed from Mayes to Cook was accompanied by all the requisites of a good and valid deed, for all purposes, under article nineteen of the Revised Code of 1857, page 309.   The object of this law was to guard against pretended deeds and conveyances; and this object is attained in the present instance.   Plaintiff in error is not in the attitude of a purchaser for value without notice.   This deed, both under the common law and the statute, was sufficient to pass the title, as between the parties to the deed, and bad, therefore, as between all other persons, except purchasers for a valuable consideration without notice.   5 McLean, 111; 3 ib. 362.   The possession of the deed was *prima facie* evidence of delivery.   14 Pet. 322.   It is immaterial, so far as Dixon's interests are affected, whether the title be in Cook or in Mayes or Marshal.   The statute was never designed to embrace such a case as this, or to protect a party standing in the attitude of Dixon.   It was clearly designed to protect innocent purchasers for value from pretended and secret deeds, the reasons for the protection being grounded upon a want of notice of the title claimed under unacknowledged and unrecorded deeds.   A statute which avoids an unrecorded deed, as to creditors and subsequent purchasers, only applies to creditors of and purchasers from the grantor. 6 Pet. 124; 7 ib. 348; 5 Cranch, 154; 1 Cranch, C. C. R. 462.

2. The plaintiff had the right to introduce the deed from Marshall and Tegarden to Cook, and if it was indefinite, to render it certain by proof in the mode sanctioned by well settled principles of law. The bond for title was clearly admissible for this object. There is no rule of evidence requiring the description of the subject matter to be contained in one instrument; it is sufficient if the description can be made out from any writing. 1 Greenl. Ev. 268. Where a deed is ambiguous it may be explained by a prior agreement. Hogan v. Delaware Ins. Co., 1 Wash. C. C. R. 419; see also, 1 Greenl. Ev. 289, 290, 343; 2 Pars. on Cont. 549, 554, 560, 564; 3 Cush. 266; 40 Miss. 485; 2 Bay, 539.

SIMRALL, J.:

Evan Cook brought the action of ejectment against Dixon, to recover possession of the tract of land discribed in the pleadings. A jury was dispensed with, and the cause submitted to the court, under the statute on the law and facts. The land was entered at the land office in 1838, by L. S. Marshall and J. J. McCaughn, to whom a patent was subsequently issued (in September, 1835). Judgment was recovered in 1844, in the Madison circuit court against J. J. McCaughn for $474. Execution emanating upon it, was levied upon his undivided interest in the land, and a sale and deed was made by the sheriff to Daniel Mayes, 12th October, 1846. Mayes, in September, 1860, conveyed, by quit-claim deed, to W. H. Tegarden. In 1849, Marshall and Tegarden, conveyed to Evan Cook. Such was the title of the plaintiff.

The defendant read in evidence a deed from Charles McLaurin to his father, Z. Dixon, dated January, 1853, and recorded the 14th of that month and year, and claimed that his father and himself, as his heir, had

continuously held possession of the premises, from that date to the institution of the suit.

Objection was made to the admission of the deed from Marshall and Tegarden, in evidence, because of the vagueness and indefiniteness of the description of the premises. The land sued for, as described in the declaration, is the E. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of section 26, Town. 5, R. 1, west. The deed omits the township and range. In order to supply the infirmity in the deed, the plaintiff offered in evidence, (which was admitted), the title bond of Marshall and Tegerden to Dixon, which contains a full identification of the land, by subdivision of section, township and range.

To the introduction of this testimony the defendant objected, and assigns its admission for error. There is no doubt of the general rule upon this subject, that parol evidence is not admissable to contradict the " language " of the parties used in written contracts, so as thereby to add to, contradict or vary that which is contained in the written instrument. It is competent to resort to such extrinsic testimony, in order to ascertain the nature and qualities of the subject of contract. 1 Greenl. Ev. § 280. Where premises were leased by metes and bounds, including a yard, and the question was whether a cellar, under the yard was included, such evidence was proper, to show possession of the cellar in another, and, therefore, that it could not have been intended to pass. 1 Greenl. Ev. § 280. So where a house or mill is conveyed, on the inquiry of what was part of it and so passed by the deed, parol evidence on the point is admissible. Ropps v. Baker, 289. Such is also the rule where the words of the instrument are applicable to several persons, or to several parcels of land, etc. Identity may be ascertained by other testimony. In these and the like cases, extrinsic circumstances may be consulted to point out what

"persons," what " parcels " of land the parties referred
to or meant in the writing.   Nor can it be properly said
that such testimony trenches upon the rule, which for-
bids other words or language, than that used in the
instrument, to be proved, *aliunde*, which would give an-
other meaning and intention to the written paper.
Miller v. Travis, 8 Bing. 244; Waterman v. Johnson,
13 Pick. 261, and many other cases, supply illustrations
of the rule.

Parol evidence is always admissible, to show which of
two things of the same name  or  description is meant.
·1 Greenl. Ev. § 288.   So too are all contemporaneous
writings relating to the same subject admissible in
evidence for this purpose.   1 Greenl. Ev. §  283, note 4.
In Hagan v. Ins. Co., 1 Wash. C. C. Rep. 426, Judge
Washington declared that if a deed be ambiguous, an
antecedent agreement out of which it originated, may
be resorted to for explanation.   It may be remarked in
this connection that the bond for title was executed or
bears date the same day of the deed, and there can be
no reasonable doubt that the lands minutely described
in the bond, are the same lands as those  embraced in
the deed.   The bond does not contradict or vary the
deed.   The deed left it in doubt, in what township and
range  the quarter section in dispute was.   There were
or might have been several quarter sections, which
would have answered the description of the deed.   This
contemporaneous bond, relating to the same subject
matter, identifies and distinguishes the particular parcel
intended to be passed by the deed.   The doctrine under
consideration has received numerous applications in this
state.   In Hanna v. Renfro, 32 Miss. 125, when
the county and state of the *situs* of the land was
omitted in the deed, it was ascertained by proof *aliunde*.
Two parcels of land on a certain creek, would each
conform to the description which was intended to be

conveyed was shown "*aliunde*." Hazlip v. Noland, 6 S. & M. 294. We think, therefore, that the bond for the purpose indicated was incompetent evidence.

Objection was made by the defendant to the deed from Daniel Mayes to Tegarden being read in evidence, because the deed purports to have been made in 1853, was not acknowledged by the grantor, and was not recorded until ——, and then on testimony of the subscribing witnesses. It was conceded that the original offered in evidence, was signed and recorded by the grantor. The registry statutes were passed in the interest and for the protection of creditors and *bona fide* purchasers, for value, without notice of a prior unrecorded deed. As between grantor and grantee the conveyance is perfect and complete to pass the title though never recorded. The creditor or purchaser, unaffected with notice, are the only parties that can complain, and defeat a prior grantee, under an unrecorded deed. The creditor, too, or purchaser, must be a creditor of, or purchaser from, the grantor in the unregistered deed. It was not error to admit this paper in evidence.

The plaintiff having derived his title by regular *mesne* conveyance from the original purchasers and grantees of the United States, was entitled to recover, unless the defense, by prescription, was established.

To constitute adverse possession two facts must concur. First, there must be an entry, under color of right, claiming title, hostile to the true owner and the world. Second, that entry must be followed by possession, and appropriation of the premises, to use, publicly and notoriously, so that the other claimants may take notice, and others may be cognizant of the fact. Huntington et. al. v. Allen et. al., 44 Miss. 668, and cases there cited. Such possession continued for a period of ten years, is, under the statute pleaded, not only a bar of the right of entry, but confers a title to the land so held. Ellis v. Murray, 28 Miss. 129. The law presumes

that possession is subordinate to the title and real owner. Where, therefore, it is set up against the legal title, in order to overcome the presumption of its being rightful, it must be shown that a claim of ownership was made, manifested by public, notorious, and continuous acts, by putting the property to some use of which it was susceptible. Judson v. Sharp, 9 Johns. 163 ; Alexander v. Peck, 39 Miss. 754; Angell on Limitations, 477, and notes and cases cited *supra*.

The judge to whom the case was submitted did not make a separate finding as to the facts. We have held at this term, that we would treat the judgment of the court on the law and the facts, when brought before us, by bill of exceptions refusing a new trial, as of the same import as the verdict of a jury. If, therefore, in any fair and reasonable view of the testimony, his conclusion on the statute of limitations can be sustained, we ought not to set it aside. But it is clear, setting out of view the testimony tending to prove that the defendant, with the administrators of his father, surrendered possession of the lands in 1866 to the plaintiffs, on the idea that he had the better right, and the possession by the plaintiff, for a time, thereby interrupting the continuity of the adverse occupancy; it is plain, by reference to dates, that the plaintiff was not barred. The defendant's father went into possession in January, 1853, under the deed from McLaurin. On the 31st December, 1862, the statutes of limitation were suspended until one year after the war. The 2d of April, 1866, the date of the President's proclamation, has been acceped as the time when the war ceased. So that the statutes would be put in motion 2d April, 1867. From January 7th, 1853, to the passage of the suspension act, there intervened a period of nine years, less seven days. The plaintiff had then one year and seven days, after 2d April, 1867, within which to sue. He brought suit 25th April, 1867.

Conceding that the defendant's possession had all the requisites to constitute it adverse, it did not continue for the time set up in the plea, deducting the suspension.

For these reasons the judgment is affirmed.