53   339
71   491

WILLIAM EGGLESTON *v.* MARY WATSON.

1. DEED. *Description. Certainty.*
A mortgage which describes the mortgaged property as the mortgagor's undivided third interest in a plantation in Holmes County, known as " Wanalaw," is not void for uncertainty.

2. CHANCERY. *Pleading. Demurrer to bill. Account.*
That there is no itemized account filed with a bill in chancery to foreclose a mortgage, is not cause of demurrer.

3. SAME. *Bill and exhibits. Demurrer.*
On demurrer the court looks alone to the bill, and cannot notice the exhibits.

4. LIMITATION OF ACTIONS. *Bill to foreclose mortgage.*
Where a mortgage was given in June, 1871, acknowledging an account due the previous January, and promising to pay the same in January, 1872, a bill to foreclose the mortgage was not barred if filed in November, 1874.

APPEAL from the Chancery Court of Holmes County.

Hon. THOMAS WALTON, Chancellor.

This was a bill in chancery, filed on the 12th November, 1874, by Mary Watson against William Eggleston, to foreclose a mortgage on " Wanalaw " Plantation in Holmes County, Miss. The bill charges that the land described as " Wanalaw Plantation " in the mortgage, in fact embraces certain subdivisions of sects. 28 & 21 T., 16 R., 2 E., the bill describing them, that Eggleston gave a mortgage on said plantation to secure a debt to Garrard, Craig & Co., and, on 1st January, 1872, said debt was due, was transferred to the complainant, and remains due and unpaid.

With the bill were filed as exhibits (1) a statement of balance due, not an itemized account; (2) the mortgage, which shows that the debt to Garrard, Craig & Co. was due on account on 1st January, 1871. The mortgage was executed 9th June, 1871, and, acknowledging the account, agreed to pay it, and further advances, on or before the 1st January, 1872, and on payment, the conveyance to be void; otherwise to remain in full force.

The defendant demurred to the bill, on the grounds, —

1. That the mortgage is void for uncertainty in the description of the premises conveyed.

2. That no itemized account was filed with the bill.

3. That the debt is barred by the three years' Statute of Limitations.

On the overruling of the demurrer, the defendant appealed.

*J. E. Gwin*, for the appellant.

1. The mortgage was void for uncertainty. *McGuire* v. *Stevens*, 42 Miss. 724; 8 S. & M. 681; 3 How. (Miss.) 230; 13 S. & M. 317; 2 Parsons on Contracts, 514, 515.

2. The debt is barred by the Statute of Limitations. Code 1857, p. 399, art. 4; Code 1871, § 2150.

*Allen & Dyson*, for the appellee.

1. The description is sufficiently certain in the mortgage. 1 Greenl. Evid. §§ 286–288, and note to § 287; 21 Barbour, 398; 4 Gray, 322; 115 Mass. 413.

2. The defendant must be fully advised of the nature of the account of which the statement is filed.

3. The account is not barred. 1 Story on Contracts, § 555. The giving of a mortgage to secure the payment of a note or account is an acknowledgment that the debt is due, and the statute runs only from the day of promised payment. 14 Texas, 672; 4 Cushing, 559; 18 Conn. 257; 1 Pet. 360; 2 Comstock, 523; 25 Miss. 609; 24 Miss. 156; 31 Miss. 701; 32 Miss. 212; 37 Miss. 579; 69 Penn. St. 311.

CAMPBELL, J., delivered the opinion of the court.

The mortgage to foreclose which the bill was exhibited states that the land was described in the instrument as the mortgagor's undivided third interest in a plantation situate in Holmes County, known as "Wanalaw," &c. The bill was demurred to, and one cause assigned is that the mortgage is void for uncertainty as to the thing conveyed. We do not think so. The description refers to extrinsic facts, and it may be shown what plantation in Holmes County is known as "Wanalaw." A perusal of the instrument at once points to a certain extrinsic fact as descriptive of the plantation embraced in its terms, and such description is sufficient. *Bowers* v. *Andrews*,

52 Miss. 596.   That there is no itemized account filed with the bill is not cause of demurrer.   The Statute of Limitations was not a defence, because the bill avers that the claim was due 1st January, 1872, and the suit was brought within three years.   Upon demurrer the court looks alone to the bill; but, if we could compare the exhibit with the bill, the result could not be different.   It is manifest that the debtor contemplated indulgence and forbearance until 1st January, 1872, as to the account due 1st January, 1871.   The condition of the deed of mortgage was not to be broken until that time.   The mortgage acknowledged the account of 1871; and it was not barred in three years from 1st January, 1871.   The demurrer was properly overruled, the decree is affirmed, and cause remanded with leave to answer the bill within forty days after the mandate herein shall be filed in the clerk's office below.