R. C. & W. J. KYLE *v.* MAGGIE L. RHODES.

71  487
184  810

1. DESCRIPTION.   *Latent ambiguity.   General designation.   Extrinsic evidence.*

A description in a deed of land by reference to a well-known general designation, by which the boundaries may be made practically certain, is sufficient, although resort to extrinsic evidence be necessary to ascertain definitely what is embraced.   *Stewart* v. *Cage*, 59 Miss., 558.

2. SAME.   *General description.   Case.*

A description as "that certain piece of land lying north of the Mitchel or Busby place, containing not exceeding forty-seven acres; said described land is bounded on the north by the south line of Beaver Dam Brake," is not void for uncertainty, and the land may be identified by extrinsic evidence.

3. CHANCERY PLEADING.   *Unsworn bill.   Oath of agent.   Two witnesses.   Code 1880, § 1949.*

Section 1949, code 1880, which abolishes the rule requiring two witnesses, or one witness and corroborating circumstances, to overthrow a sworn answer denying the allegations of the bill, where the bill is sworn to by the complainant, does not apply where the bill is sworn to by one as "husband and agent" of complainant.

4. INJUNCTION.   *Possession of land pendente lite.   Trespass.*

Where the possession of a vendee of land under a contract to convey is forcibly invaded by the vendor, the former, on filing a bill to compel specific performance of such contract, is entitled to an injunction to restrain defendant pending suit from entering and trespassing on the land.

FROM the chancery court of Tunica county.

HON. W. R. TRIGG, Chancellor.

The appellee, Maggie L. Rhodes, filed this bill in February, 1892, against the appellants, R. C. & W. J. Kyle, seeking specific performance of a contract, which is as follows:

"We hereby agree, when called upon, to quitclaim to Mrs. M. L. Rhodes that certain piece of land lying north of the Mitchel or Busby place, containing not exceeding forty-seven acres; said described land is bounded on the north by the south line of Beaver Dam Brake.

"R. C. & W. J. KYLE."

The bill alleges that in 1888 complainant made a verbal agreement for the purchase from one Busby of forty-seven acres of land, the subject-matter of this suit; that she at once took possession thereof, and expended money in clearing it, and has continued to occupy and cultivate it ever since; that early in 1889 her husband, T. N. Rhodes, and W. L. Rhodes purchased from the said Busby, on a credit, an undivided half-interest in a plantation known as the Mitchel place, then leased to T. N. Rhodes, the said place lying immediately north of another, known as the Busby place; that before payment of the purchase-money Busby became anxious to sell his half-interest in the land, and constituted T. N. Rhodes his agent to sell the same, verbally agreeing that if he succeeded in making a sale at a price agreed upon, the forty-seven acres previously bargained for by his wife, the complainant, should be conveyed to her; that T. N. Rhodes succeeded in negotiating a sale with appellants, R. C. & W. J. Kyle, upon terms which had been agreed to by Busby, and, in order to vest complete title in them, T. N. and W. L. Rhodes reconveyed their interest to Busby, and he conveyed the entire interest to R. C. & W. J. Kyle; that the purchase by R. C. & W. J. Kyle was made with full knowledge that the forty-seven acres in question were reserved for complainant, and with full knowledge that complainant was in pos-

session thereof; that at the time of the transaction, and as part thereof, R. C. & W. J. Kyle entered into the above quoted written agreement to convey the forty-seven acres to the complainant; that the quitclaim deed called for by the agreement was not executed, because the parties wished a survey thereof first to be made; that said deed has never been executed, and that defendants not only refused to carry out their said contract, but were claiming the right to possession of the land, and had forcibly entered thereon in defiance of the protest of complainant, and were cutting the timber and otherwise trespassing.

The bill prays for a specific performance of the contract, and for a writ of injunction to restrain defendants, pending the suit, from further disturbing her possession. The bill was sworn to by T. N. Rhodes as " husband and agent of complainant," the affidavit averring that the matters and things set forth in the bill were true to the best of his knowledge and belief. An injunction was issued as prayed for in the bill.

Defendants demurred to the bill, principally upon the ground that the agreement sought to be enforced was void, for want of a sufficient description of the land to be conveyed. The demurrer was overruled, and defendants answered denying that the consideration of the contract to convey was as stated in the bill, and averring that its real consideration was a promise on the part of T. N. Rhodes to convey to respondents an unexpired lease of certain other land, and that Rhodes had failed to do this, and therefore that the consideration for the written contract to convey had failed. The answer also denied complainant's adverse possession of the forty-seven acres since the purchase by respondents. The answer was sworn to by the defendants, the oath not having been waived by the bill. It is not deemed necessary to set out the evidence, which, as to all essential points, is conflicting. The court below decreed a specific performance of the written contract and perpetuated the injunction, and defendants appeal.

*F. A. Montgomery, Jr.,* for appellants.

The description is void for uncertainty. *Hanna* v. *Renfro,* 32 Miss., 125 ; *Brown* v. *Guice,* 46 *Ib.*, 299 ; *Lewis* v. *Seibles,* 65 *Ib.*, 251 ; *Morgan* v. *Schwartz,* 66 *Ib.*, 613 ; 2 Am. St. R., 120. The testimony shows that the description cannot be made certain ; that no surveyor can find the land from the description in the instrument. The only testimony on the subject of the consideration of the contract was that of T. N. Rhodes. There being no other witness as to this, and no corroborating circumstances as to this in evidence, the sworn denial of the answer is not overcome. Code 1880, § 1949. The bill is not sworn to by the complainant, but only by her agent and husband. Accordingly, § 1949, code 1880, is not applicable. *Jacks* v. *Bridewell,* 51 Miss., 881 ; *Waller* v. *Shannon,* 53 *Ib.*, 500 ; *Fulton* v. *Woodman,* 54 *Ib.*, 158 ; *Salmon* v. *Smith,* 58 *Ib.*, 399 ; *Johnson* v. *Crippen,* 62 *Ib.*, 597. As there was a disputed question of ownership, and when the bill was filed defendants were in possession, and it does not appear that they were unable to respond in damages for the use and occupation of the land, the injunction was improvidently issued. High on Injunctions, 697 ; *Nevitt* v. *Gillespie,* 1 How., 108 ; *Blewitt* v. *Vaughn,* 5 *Ib.*, 418 ; *Skipwith* v. *Dodd,* 24 Miss., 487 ; *Eskridge* v. *Eskridge,* 51 *Ib.*, 522.

*Jas. R. Chalmers,* for appellee.

1. The bill in this case does not rest merely on the contract of appellants to convey the land. Their duty to convey springs out of the facts alleged, which show a purchase by appellants of the land in controversy, under a promise to reconvey it to appellee, which makes the case one of constructive trust *ex maleficio* on their refusal to comply. 2 Pomeroy's Eq., § 1055, note 1 ; 1 Perry on Trusts, 79 ; *Jones* v. *McDougal,* 32 Miss., 179 ; *Bratton* v. *Rogers,* 62 *Ib.*, 281.

2. The injunction was properly issued. High on Injunctions, § 782. The allegations of the bill are fully sustained

by the testimony. The testimony of T. N. Rhodes is fully corroborated by W. L. Rhodes and by Owens.

WOODS, J., delivered the opinion of the court.

The action of the court below in overruling the demurrer of appellants to the original bill was not error. The written memorandum signed by appellants, whereby they agreed to convey to appellee the forty-seven acres of land involved in this litigation, is not void for uncertainty. There is no patent defect on the face of the writing. It is not an agreement to convey any land described by legal subdivisions, but it is a description of the premises agreed to be conveyed by a general reference to designations by which the boundaries of the lot may be made practically certain. It is a general rule that where parcels of real estate are conveyed by well-known designation, such conveyances are valid, though resort to extrinsic evidence may be necessary to show what was accurately included in the general description employed in the conveyance. In the case at bar, the memorandum in writing describes the premises by reference to extraneous facts, and, in such instances, it is proper to resort to extrinsic evidence to ascertain those facts, in order to show what was embraced in the general designations of the land which were employed by the grantor. *Eggleston* v. *Watson*, 53 Miss., 339; *Stewart* v. *Cage*, 59 *Ib.*, 558. That resort to the extrinsic evidence referred to in the written undertaking to convey by these appellants will accurately ascertain what premises were intended, we can have no doubt.

The rule which requires the evidence of two witnesses, or one witness and corroborating circumstances, to overthrow an answer, was not disregarded nor impinged upon by the decree of the chancery court. The bill of complaint avers a certain consideration for the agreement of the appellants to convey the forty-seven acres. This the answer denies, and sets up another consideration. The rule cited was applicable, in the peculiar attitude of the pleadings and affidavits, to them,

and this rule was complied with when T. N. Rhodes, a witness for appellee, perfectly supports the averments of the bill on this point, and finds his evidence corroborated by more than one circumstance, especially by the evidence of Owens. From the evidence of this witness it appears that, several months after the written agreement of appellants to convey had been signed and delivered, and some months after the lands embraced in the Miller lease should have been delivered up to appellants (if their version of the transaction was the correct one), and when they had not been so delivered up by Rhodes, conversations were had between Kyle and T. N. Rhodes, representing the appellee, looking to the execution of a quitclaim deed in pursuance of the written agreement to convey, and without any hint from Kyle that the quitclaim deed would not be made, because of the alleged failure of Rhodes to assign the unexpired term of the Miller lease. There are other slightly corroborating circumstances to be found in the record before us, but we deem it unnecessary to refer to them in detail.

The injunction was not improvidently granted. The appellee had been for some time before the appellants acquired title from Busby in the possession and cultivation of the premises in controversy, under a parol agreement of sale which existed between Busby and herself, and after the acquisition of title by the appellants, appellee remained in the use and occupation of the same under the written agreement of the appellants to convey. While thus situated, her possession is forcibly invaded by appellants, and the denudation of the land of its timber is actually vigorously begun by appellants. Was the appellee required to supinely sit down and see the premises laid waste, pending determination of the question of her right to compel conveyance by appellants? Or, might she not properly invoke the aid of a court of equity to restrain the onslaught of her adversaries during the time her appeal to the court for a settlement of the controversy

was pending? The answer is not doubtful, and the injunction was properly granted.

We concur with the chancery court in its conclusion as to the facts on the main contention, and the decree is

*Affirmed.*