NAPOLEON B. RAINES *v.* JOHN R. BAIRD.

CONTRACT TO CONVEY LAND. *Description. Name of tract. Ambiguity.*

A contract purporting to obligate the owner to convey a tract of land by name (as the "Phil Allen place") and naming the number of acres therein, does not contain a patent ambiguity, and it is valid where by extrinsic evidence it can with certainty be shown what lands were known by the name.

FROM the chancery court of Sunflower county.

HON. PERCY BELL, Special Chancellor.

Raines, the appellant, was complainant, and Baird, the appellee, defendant in the court below. From a decree in defendant's favor the complainant appealed to the supreme court.

Raines filed his bill to enforce the specific performance of the following written contract: "It is hereby understood and agreed by and between John R. Baird, of the first part, and Napoleon B. Raines, of the second part, that for the consideration of eight hundred dollars, to be paid in five annual installments each of equal amount and settled by five promissory notes of equal amounts bearing interest at ten per cent per annum from January 1st, 1887, the party of the first part agrees to sell, bar-

gain, and convey to said party of the second part that tract of land adjoining section 9, and known as the Phil Allen place, containing eighty acres more or less, and the party of the second part further agrees to secure the party of the first part in the payment of said notes and interest thereon by deed of trust on said land." In his answer defendant alleged that the contract was void because of a patent ambiguity in the description of the property sold. On cross-examination defendant, Baird, was asked if he could describe the Phil Allen place by section numbers. His answer was as follows: "The place was called the Phil Allen place because occupied by a negro named Phil Allen. A proper description of the land is as follows: It is in the N. E. 1-4 of section 17, township 17, range 4 west, and is that part of the N. E. 1-4 which is east of a cypress brake dividing the quarter, and most of the land is in the N. ½ of said quarter; being all the N. E. 1-4 east of the brake." On the final hearing the chancellor held that the contract was void because of patent ambiguity in the description of the land. Complainant's bill was dismissed.

*Johnson, Chapman & Neill,* for appellant.

As fully appears from reading the final decree of the chancery court, the bill was dismissed because the special chancellor thought the description void by reason of patent ambiguity. The description is "that tract of land adjoining section 9, and known as the Phil Allen place, containing eighty acres more or less." It was the argument of counsel, assented to by the court, that the description in the paper, not giving section, township, range, county, or state, could not be explained by parol evidence; that there were so many things left open to "be holpen by averment" that the law would allow none of it. While counsel and court did not make it very clear where the line is to be drawn in cases of general description as distinguished from cases of description by metes and bounds and location, they were very positive "the Phil Allen place" was a description

clearly under the ban, and not to be tolerated. The defendant, Mr. Baird, makes it very clear what was meant by the "Phil Allen place." See his answer to the first cross interrogatory. We had thought that this particular phase of the much-mooted subject of latent and patent ambiguity was so well settled and generally understood both by bench and bar that this court would not be called upon again to explain that general descriptions, such as the "Estate of Blackacre," "the estate purchased of A," "the farm in the occupation of B," "a certain tract called Beaver Dam," "the Mitchell or Busby place," "Briarfield plantation," "Black Ankle farm," "the Pruett place," "that tract of land known as the Phil Allen place," are entirely sufficient; and that extrinsic evidence is always admissible to identify, locate, point out, and give the boundaries of the property conveyed. *Kyle* v. *Rhodes,* 71 Miss., 487; *Eggleston* v. *Watson,* 53 Miss., 340; *Bowers* v. *Andrews,* 52 Miss., 601 (opinion by Simrall, J.); *Eufaula Nat. Bank* v. *Pruett,* 30 So. Rep., 731; *Angel* v. *Simpson,* 3 So. Rep., 758; 8 Waite's Actions and Defenses, 224.

*McWillie & Thompson,* for appellee.

There is testimony in the record upon which a decree might have been rendered in favor of the defendant, Baird, on the idea, that the writing had been abandoned, but the chancellor did not pass upon this question; he simply adjudged the contract void because of a patent ambiguity in the description of the land attempted to be described.

The chancellor's decision adjudging the contract utterly void because of a patent ambiguity is based upon decisions of this court, which were controlling in the court below, one of the cases being *Bunckley* v. *Jones,* 79 Miss., 1.

It will be seen that there is nothing to show whether the contract was executed within or without the state of Mississippi. There is nothing to show within what county or state the land lies; nothing to show in what section, township, or range it lies,

nor what are the metes and bounds of the tract, nor its shape. The only thing in the instrument which, in the remotest degree, tends to render certain the description is found in the three words: "Phil Allen place." What Phil Allen place? Where is it?

*Thos. R. Baird,* on same side.

It is well settled that every conveyance of land must define its identity and fix its locality. "That tract of land adjoining section 9, and known as the Phil Allen place, containing eighty acres more or less." Could the very best civil engineer or surveyor take the contract with that description and locate the land? Into what state would he go? Into what county in any state would he go? What section 9 could he find? Where could he go to inquire for the "Phil Allen place?" What clew appears in such description, which, if followed, would lead to its identity? If this is not a patent ambiguity, we have failed to understand the authorities aright. It is not like "My Wannanaw plantation in Holmes county." *Bowers* v. *Andrews,* 52 Miss., 596; *Bunckley* v. *Jones,* 79 Miss., 9.

TRULY, J., delivered the opinion of the court.

There is no patent ambiguity on the face of the contract of sale sued on herein. It falls within the well-established .rule which is so lucidly expressed by Woods, J., in *Kyle* v. *Rhodes,* 71 Miss., 491 (15 South., 40), as follows: "It is a general rule that, where parcels of real estate are conveyed by well-known designation, such conveyances are valid, though resort to extrinsic evidence may be necessary to show what was accurately included in the general description employed in the conveyance. In the case at bar the memorandum in writing describes the premises by reference to extraneous facts, and in such instances it is proper to resort to extrinsic evidence to ascertain those facts, in order to show what was embraced in the general designations of the land which were employed by the grantor."

That resort to the extrinsic evidence referred to in the contract determined with definiteness and certainty the premises intended to be conveyed, the testimony of the appellee herein clearly proves. The instrument was not void for uncertainty. We content ourselves with the ruling on this point, as it was on this alone that the chancellor based the final decree. We remand the cause for hearing upon the merits, intimating no opinion upon the other contentions appearing in the record.

*Reversed and remanded.*