## PAINE v. MIKELL.

(Division B. Nov. 13, 1939.)

[192 So. 15. No. 33866.]

**Harold Cox,** of Jackson, for appellant.

E. W. Stennett, of Jackson, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This is an appeal granted with supersedeas from both a final decree of the Chancery Court of Hinds County, awarding appellee damages in the sum of $486 against the appellant for breach of an alleged contract made by a real estate agent for the sale of certain lots to the appellee in the City of Jackson, belonging to the appellant, and also from a decree sustaining a demurrer to a petition of the appellant to be allowed to file in the court below a bill of review in said cause, and which later decree dismissed the petition in that behalf. The appeal was perfected within the time required by law after the date of the final decree awarding the damages aforesaid, and so as to entitle the appellant to have the question determined by this court as to whether or not the original decree was properly rendered against her upon the bill of complaint, decree pro confesso and proof offered at the original hearing, the chancellor having ordered, without objection, that the transcript of the testimony taken by the court on the original hearing and then on file be made and considered as a part of the record herein.

The bill of complaint filed by the appellee, and upon which the decree pro confesso was taken and testimony offered to support the claim for damages, alleged in substance that the appellant, during the year 1937, owned certain lots in a subdivision near the City of Jackson, and that she engaged the services of one Willis Brown, a real estate dealer, to dispose of and sell said lots, making the said Brown her agent in that behalf. That, on the 9th day of April of that year, the said Willis Brown, acting as the agent aforesaid, entered into a contract with the appellee for the sale of the said lots to him at the price of $600, of which the sum of $50 was to be a cash payment and the remainder to be represented by thirty-six promissory notes of $10 each, payable monthly, and the balance to be represented by one promissory note due and payable three years after date, bearing

interest at six per cent per annum from date. That, a note or memorandum of said sale was made at the time, and a copy of which alleged contract of sale was filed as an exhibit to the bill of complaint and is in the following words and figures to-wit:

"Received of Mr. Mikell the sum of $15.00 to apply on purchase of Lot 64-Block B, of Pine Acres, and also Lot 64 extended through Lot 45 of Block B—sold for $600.00, when $50.00 paid. Deed given and 36 notes at $10.00 per month and one (1) note for balance due three yrs.

"All at 6% and secured by Deed of Trust.

"April 9th 1937.

"Willis Brown<br>"By Mrs. Willis Brown."

It will be observed that the receipt above set forth, referred to in the pleading as a memorandum of the contract of sale, does not state in what county and state the lots are located, and neither does it purport to be made on behalf of the appellant, Mrs. Kathleen K. Paine, as the owner of the property in question. That the alleged contract of sale was therefore insufficient under the Statute of Frauds, Section 3343, Code of 1930, to obligate the appellant to convey the lots to the appellee. It is contended, however, that since the appellant did not appear and plead the statute, Section 3343, supra, the point cannot be raised here on appeal.

However, as was held by this Court in the case of Pease & Dwyer Company v. Somers Planting Company, 130 Miss. 147, 93 So. 673, the question may be raised here for the first time that the bill of complaint fails to state a cause of action. The suit is one to enforce specific performance of the alleged contract of sale or for relief in the alternative by a decree for damages for the alleged breach thereof. There is no allegation contained in the bill of complaint to the effect that the notes mentioned in the memorandum were ever executed and tendered to the appellant or other alleged agent, Willis Brown, nor is

there any mention of the deed of trust having been executed or tendered as security on the lots for the payment of the deferred portion of the purchase price which was to be represented by the notes. A tender of the notes, with the pleading, was essential in order to put the appellant in default so as to entitle the appellee to specific performance or to the recovery of damages for a breach of the alleged contract, in the absence of an allegation that the notes and deed of trust had been once tendered and their acceptance refused. It was only alleged that the sum of $55 on the purchase price had been paid, and it was not alleged as to whom it was paid or that the said Willis Brown, as a real estate dealer, was authorized to receive payment of the purchase price agreed upon between himself and the appellee. Ordinarily, the authority to act as a real estate dealer for the sale of property does not confer authority upon such an agent to receive the purchase price of the property sought to be sold.

In support of his claim for damages for the alleged breach of the contract, the appellee testified, as the only witness in the case, and his testimony shows only that he paid the sum of $55 on the purchase price, and that the deed was never delivered. His testimony fails to disclose that either the notes or the deed of trust were executed and tendered to anyone. He did state that it became necessary for him to rent another residence on account of being unable to build a home on these lots, and that he was compelled to pay out the sum of $150 in rent. Also, that he had improved the lots at an expense of $200 subsequent to the making of the alleged contract of sale, and without having obtained a deed from the owner. The decree appealed from awarded him damages for these several items, plus an attorney's fee of $75, making the total sum of $486. Some of the items covered did not constitute proper elements of damages, even though the bill of complaint had stated a cause of action for the breach of the alleged contract.

We are of the opinion that no cause of action was alleged in the pleading, nor established by the proof. It follows that the case must be reversed and a decree rendered here for the appellant.

Reversed and decree here for appellant.