## LEAVENWORTH *v.* LLOYD

No. 40356 January 21, 1957 92 So. 2d 224

882

*Amy Burkett,* Ocean Springs, for appellant.

*Watts & Colmer,* Pascagoula, for appellee.

Hall, J.

The appellant, Miss Mattie L. Leavenworth, was complainant in the court below and filed her bill against Edward C. Lloyd, George Leavenworth, State of Mississippi, and numerous other persons not necessary to mention herein, seeking a confirmation of her title to

the land situated in the Town of Ocean Springs, Jackson County, Mississippi, and described as follows: "Commencing at a point on the East margin of the SW¼ of the SE¼ of Sec. 19, T. 7 S., R. 8 W., where said line intersects the North margin of the right-of-way of the Louisville & Nashville R. R. Co., which point is 506 ft., more or less, South of the Northeast corner of said SW¼ of the SE¼ of Sec. 19, thence West along the North margin of the L. & N. R. R. Co. right-of-way, 727 ft. to the point of beginning; thence continuing along the North margin of said L. & N. R. R. right-of-way 370 ft. West to the Southeast corner of the property formerly of George W. & E. S. Davis, now of Hayden, thence North 147 ft., thence East 370 ft., thence South 147 ft. to the place of beginning, bounded on the North by property formerly of Antonio Bellande, now right-of-way of new U. S. Highway 90, on the East by property formerly of Geraldine Ames, now of Hayden, on the South by the right-of-way of the L. & N. R. R. and on the West by property formerly of George W. Davis & E. S. Davis, now Hayden, being the Louisa Ames Homestead, in Sec. 19, T. 7 S., R. 8 W."

The record shows that complainant acquired this land, together with a number of other tracts, by deeds from her brother George Leavenworth on September 22, 1930. In 1932 the land was assessed as follows: "House and lot 147 x 295 ft. North side R. R. per DB 57, P 588, Sec. 19, T. 7, Range 8"; under the same description it was sold to the State in 1933 for the unpaid 1932 taxes, and on July 26, 1941, George Leavenworth obtained a forfeited tax land patent from the State under the same description.

On July 20, 1951, George Leavenworth entered into a contract of sale with Edward C. Lloyd whereby he agreed to sell to the said Lloyd at a price of $12.50 per foot the land situated in Jackson County, Mississippi, described as "1 parcel real estate located on N. S. of the L. & N.

R. R. with a frontage of 290 feet, more or less, and a depth of 145 feet, more or less. This ground is opposite rail road station and lays south of ground owned by H. V. Hayden." Under the contract of sale George Leavenworth agreed to furnish abstract of title and thirty days was allowed after delivery of abstract for examination of title. The contract was signed only by George Leavenworth individually and not as agent for appellant and it was not acknowledged by him, and it was also signed and acknowledged by Edward C. Lloyd.

The State of Mississippi filed an answer neither admitting nor denying the allegations of the bill but admitting that complainant would be entitled to the relief prayed for provided the allegations as to the tax sale were proven by competent and admissible evidence, but that if she failed to sustain the allegations as to the invalidity of said tax sale then she would not be entitled to any relief prayed for. The State also agreed in its answer that the cause might be heard at any time, either in term time or vacation, agreeable to the complainant and the court.

Edward C. Lloyd filed an answer and cross-bill against the complainant and against George Leavenworth and subsequently filed two amended answers and cross-bills against the same parties. George Leavenworth and the complainant both filed answers to the cross-bill. The other named defendants did not answer the original bill and a decree was entered against them from which no appeal is taken.

George Leavenworth testified when called for cross-examination as an adverse witness that he signed the contract with Lloyd while under the erroneous impression that the property belonged to him and that he did not realize either at that time or when he applied for and obtained the State patent that it was his sister Mattie's property. George also testified that he lives in Biloxi and his sister lives in Missouri and that he has

been looking after his sister's land and paying the taxes for her, and that he has offered some of her land for sale as her agent, but without any power of attorney, all such offers being subject to her approval and signature if she should want to sell. He further testified that he never advised his sister about the contract with Lloyd but when the abstract was made he found that the land in question belonged to his sister and not him and he therefore declined to go any further with the contract. All of the dealings between George and Lloyd were conducted through a real estate agent and George and Lloyd never discussed the proposed deal with each other.

After considerable delay of the case by continuances, one of Lloyd's attorneys became chancellor the district in which Jackson County is located and he accordingly recused himself and the Governor appointed a special chancellor to try the case.

The special chancellor found and decreed that Mattie L. Leavenworth is the true and lawful owner of the land described in the bill and her title thereto was confirmed as against all of the defendants but subject to the agreement made by her brother George with Edward C. Lloyd on July 20, 1951. The court found and decreed that George Leavenworth, the brother of Miss Mattie L. Leavenworth, on July 20, 1951, was acting for and on behalf of his sister as her agent with the authority and power to sell and convey her property under, an arrangement with her, whereby she would execute any deeds sent her for the sale of property arranged by her brother. In the decree the special chancellor allowed Edward C. Lloyd thirty days from the date thereof within which to pay to the clerk of the court the agreed purchase price of said land and decreed that upon such payment the complainant and cross-defendant Mattie L. Leavenworth should execute and deliver to the said Lloyd a good and valid deed conveying said land to the said Lloyd. From that decree Mattie L. Leavenworth appeals.

██ Without so deciding, we express serious doubts as to the sufficiency of the description contained in the contract between George Leavenworth and Edward C. Lloyd. However, as to the description contained in the assessment, the record of the tax sale, and the patent from the State, the record shows without dispute, and it is admitted by all of the parties, that the reference to Deed Book 57, p. 588, is erroneous and that the deed recorded in Book 57, at p. 588, does not involve any of the parties hereto and is an entirely different piece of land. The reference to the deed book and page, if correct, might afford a clue whereby the description could be perfected, but since the page number is wholly erroneous the clue is of no assistance whatsoever in determining what land was intended to be assessed, sold, and conveyed by the forfeited tax land patent. ██ Omitting the reference then to the deed book and page, all that we have left is that it is a house and lot 147 feet by 295 feet on the north side of the railroad in Section 19, Township 7, Range 8. We think therefore that the chancellor's holding as to the invalidity of the tax sale and patent to George Leavenworth was correct under numerous decisions of this Court to the effect ██ that the rule is that valid assessments must contain sufficient descriptions themselves on their faces, or point to where such information may be obtained. One of the leading cases on this subject is Carr v. Barton, 173 Miss. 662, 162 So. 172.

██ We are further of the opinion that the chancellor's decree in holding that George Leavenworth was acting for and on behalf of his sister in making the contract and in upholding the validity of said contract was clearly erroneous and in the teeth of the Statute of Frauds, Section 264, Code of 1942, which provides in part: "An action shall not be brought whereby to charge a defendant or other party * * * (c) Upon any contract for the sale of lands, tenements, or hereditaments, or the

making of any lease thereof for a longer term than one year * * * Unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, *or some person by him or her thereunto lawfully authorized in writing.*"

It is undisputed in this case that George Leavenworth had no written authorization whatsoever to represent his sister in the making of the contract with Lloyd. In fact nowhere in said contract did he even purport to represent her. Her name is not mentioned therein and no name is mentioned as a proposed seller except George Leavenworth. We think the case of Paine v. Mikell, 187 Miss. 125, 192 So. 15, is directly in point. In that case a real estate agent, without any written authority whatsoever from the owner, and without mentioning the name of the owner, entered into a written contract to sell certain land, and this Court held that the alleged contract of sale was insufficient under the Statute of Frauds to obligate the owner to convey the land to the proposed purchaser. The evidence in this case shows that on several occasions George had obtained offers on lands of his sister and that in each instance the offer was submitted to her and approved by her and she executed the deeds pursuant to her acceptance of the offer. Under the statute and our decisions George had no lawful authority to make a contract which was binding on his sister. The decree of the lower court must therefore be reversed and a judgment here entered in favor of the appellant.

Reversed and judgment here.

*Roberds, P. J.,* and *Lee, Kyle* and *Holmes,* JJ., concur.