McGuffee, et al *v.* Rochester, et al.

No. 42196 February 26, 1962 138 So. 2d 281

*George W. Haynes,* Utica; *James H. Adams,* Raymond, for appellant.

210

*Joe G. Moss,* Raymond, for appellee.

GILLESPIE, J.

Appellees filed suit to confirm tax title. In the tax deed from the Chancery Clerk of Hinds County to appellees, E. B. and E. R. Rochester, it is recited that the tax collector on the 15th day of September 1958, for delinquent 1957 taxes, sold to appellees land described therein as follows:

"3 a. in SE 1/4 SE 1/4 Section 9 & in SW¼ SW¼ Section 10 S&E of HWY 18 N of Utica & Chapel Hill Gravel Road less Tri. lot fronting 60′ on S/S Hwy 18 x 60′ N/S Utica & Chapel Hill Road Section 10 Twp 3 R 4 West. . . ."

The chancellor entered a final decree in which he held that taxes had been paid on that part of the lands situated in Section 10 and confirmed title in appellees to that part of the land lying in Section 9, the description used by the court in confirming part of the lands

attempted to be described in said tax sale being as follows:

"Three acres in SE 1/4 SE 1/4 Section 9 and in SW¼ SW¼ Section 10, South and East of Highway 18 North of Utica and Chapel Hill gravel road less triangle lot fronting 60 feet on South side Highway 18 by 60 feet North side Utica and Chapel Hill Road Section 10, Township 3, Range 4 West; LESS AND EXCEPT all that part of said land lying in Section 10, Township 3 North, Range 4 West."

The defendant introduced a plat drawn by an engineer purporting to be a survey of parts of Sections 9 and 10, Township 3 N, Range 4 W, Hinds County, Mississippi. This plat indicates that Mississippi Highway 18 runs from southwest to northeast and intersects the Chapel Hill road, which runs nearly east, in the SE¼ of the SE¼ of Section 9, Township 3 N, Range 4 W. It is not known how much land lies south and east of Highway 18 and north of the Chapel Hill road in said SE¼ of the SE¼ of Section 9, but it is probable that it is less than 2 acres. The survey introduced in evidence does not give any measurements in this regard. Said survey also indicates that in the SW¼ of the SW¼ of Section 10 there is approximately ten or twelve acres of land south and east of Highway 18 and north of the Chapel Hill Road.

Appellants contend that the lower court erred in confirming said tax title because the description under which the land in question was sold by the sheriff and tax collector to appellees was void. Appellees argue in response to this contention that the clue to the description of the land situated in the SE¼ of the SE¼ of Section 9 is found in the exception from the description in the tax deed, towit: "less Tri. lot fronting 60′ on S/S Hwy 18 x 60′ N/S Utica & Chapel Hill road, . . . ." Appellees say that the triangular lot excepted from the description fronts 60 feet on Highway 18 and 60 feet on the

Chapel Hill Road, and that if those distances are measured off on the two highways and a line drawn between these points, the triangular exception could be located, and that a civil engineer could then plat the land in question. We agree that the description of the exception is sufficient when aided by the said map, but we are unable to understand how that would help in locating that part of the lands attempted to be described in the tax deed situated in the SE¼ of the SE¼ of Section 9. The record does not show any dimension of the three acres out of which the triangular lot is excepted, nor its shape, nor how much is located in Section 10, nor how much is located in Section 9, and after a careful study of the record, we are unable to understand how anyone could locate the lands the title to which was confirmed in appellees.

The assessment roll was not introduced and no showing was made that there was any clue on the assessment roll which would aid the description in the tax deed. Nor was any proof made as to the other assessments in the SE¼ of the SE¼ of Section 9 which would aid the description. Cf. Jefferson v. Walker, 199 Miss. 705, 24 So. 2d 343.

 █ As the record stands the tax deed was void because of the uncertain description, and for that reason the decree confirming the tax title must be reversed. █ But the matter of the insufficiency of the description was not raised in the lower court and the chancellor did not pass upon that aspect of the case. If this question had been raised below the appellees could have ascertained whether the assessment rolls contained any clue in aid of the description, and whether there was any admissible evidence available to supply a valid description. Therefore, the case should be remanded to the lower court for further proceedings.

Appellants also complain of the failure of appellees to comply with Section 1314, Code of 1942, which re-

quires the complainant to set forth in his bill the names and places of residence of all persons interested in the land so far as known to complainant, or as he can ascertain by diligent inquiry. The complainants did not charge in their bill of complaint that they had set forth the names and places of residence of all persons interested in said land so far as known to complainant, or as they could ascertain by diligent inquiry. This averment should be made in a bill to confirm a tax title; however, defendants went to trial without raising this contention. On remand this error may be corrected by amendment.

■■ ■ Finally, appellants contend that the lands in controversy, that is to say, that part of the lands attempted to be described in the tax sale located in the SE¼ of the SE¼ of Section 9, were doubly assessed, and that the proof showed the taxes thereon were paid by R. L. Davis for the year 1957. In this connection, appellees proved that one R. L. Davis acquired title to 5 acres in the SE¼ of Section 9 lying east of the highway 18 and north of the Chapel Hill Road, and that R. L. Davis owned no other land in the SE¼ of the SE¼ of Section 9. It is further contended that relating that description to the map introduced would show beyond question that this five acres of land deeded to Davis was that part of the SE¼ of the SE¼ of Section 9 lying between the two said roads. A tax receipt was introduced showing that R. L. Davis paid taxes for the year 1957 on lands described as "5 ac. S end E² SE⁴ Sec. 9 T 3 R 4W." Appellants argue that this shows that since Davis only owned five acres of land in said SE¼ of the SE¼ that this tax receipt shows the taxes were paid on the lands in question. However, the tax receipt shows that the five acres on which Davis paid taxes was in the south end of the E½ of the SE¼ of Section 9. This could not be the property in question, although it was probably intended to be the same property. We

cannot say the chancellor was in error in refusing to find a double assessment.

Reversed and remanded for further proceedings.

*McGehee, C.J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.