GILLESPIE, Presiding Justice.
The appellee, Adrian Weill, filed a bill of complaint in the Chancery Court of Harrison County to confirm a tax title to a parcel of land. A decree was entered confirming title in Weill, and the defendant, John Calmes, to whom the land was assessed, appealed to this Court.
Several questions are raised, but one is sufficient to resolve the case. We hold the description in the tax deed vague and indefinite, and the tax sale void.
A copy of the tax deed executed by the Tax Collector of Harrison County on October 14, 1961, to Adrian Weill, the purchaser at the tax sale, was attached to the bill of complaint. The land was described in the list of land sold to individuals on September 21, 1959, for 1958 taxes and in the deed as being in Harrison County, Mississippi, as folldws:
Description of Land Twp. Sec. Range
Lot 32 ft. more or less on Division St.
by 52 ft.
S by Division St.
E by Wilkerson
N. by High
W. by Simonich.
Sec. Blk. 92A
The list of lands and the tax deed stated that the lands were assessed to John *409 Calmes. The description does not state where the land is located other than in Harrison County, Mississippi. There is no reference to city or town. No subdivision, section, township, or range is given. The lot is not referred to by any name in the description, although both the list and the deed state that it was assessed to John Calmes.
The only extrinsic evidence on the question of the sufficiency of the description is next stated. Adrian Weill testified, “I could identify it (the lot) from the description. I know pretty much all the land in this area.” He further stated that he knew the land was in Biloxi on Division Street, and after he acquired the tax deed he could locate the land. He said he knew where it was, that he knew all the time where it was, and that he had been on the land many times. He said he knew the land was next to Jay’s Clothing Store. Weill did not state how he knew where the land was located, nor did he state that any clue in the description aided in locating the land. He never identified the land except that it was on Division Street in Biloxi. George N. Creel, Deputy Chancery Clerk, testified for complainant that someone drew up a map of Biloxi and it was hung on the wall of the courthouse in Gulfport, and a likeness of it is used in Biloxi “to make it easier to pinpoint property in assessments”. It divided the city into blocks. There is a Block 92A on this map. Mr. Creel was familiar with the property involved in this suit, but it is not shown on the map because the map only shows blocks, not the lots. It is not an official map. Mr. Creel did not give any description of the lot involved in this suit and did not refer to the description in the assessment or the tax deed.
Mississippi Code 1942 Annotated, Section 9775 (1952) is in part as follows:
* * * [A]nd parol testimony shall always be admissible to apply a description of land on the assessment roll, or in a conveyance for taxes, where such testimony will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract of land by the aid of such testimony.
Mississippi Code 1942 Annotated, Sections 9772 and 9773 (1952) also concern descriptions of land in tax assessments. Section 9773 provides guides in describing land (none of which were followed in this case), and then provides that a description is good if it will “furnish a sure guide for the ascertainment by parol evidence of the particular land intended.” The parol evidence offered in this case does not aid in identifying a particular tract of land. Section 9775 provides for the admission of pa-rol testimony to apply a description to a particular tract of land, but the tax deed must furnish the clue which, when followed up, will lead to positive identification of the land involved. Lott v. Rouse, 147 Miss. 802, 111 So. 838 (1927). The sole purpose of admitting parol evidence is to apply the written'description to a particular tract of land. Nothing can be taken away or added to the written description by parol evidence. Whether there is a clue in the description involved in this case, which, when followed up, would lead to a positive identification of the land, cannot be determined for the parol evidence identified neither-a clue nor a particular tract of land. Whether a clue in the assessment roll and tax deed is sufficient in many instances, if not all, can only be determined when the parol evidence shows that the clue, when followed up, applies to a particular tract of land. That is what the statute provides. In this case no particular tract of land is identified either by the description or the parol evidence. The name of the person to whom the land is assessed is no aid to the description. Carr v. Barton, 173 Miss. 662, 162 So. 172 (1935). The map introduced in this case is no aid. It showed neither lots nor dimensions. A clue frequently encountered on assessment rolls is a reference to a deed book and page where the land is described. In Leavenworth v. Lloyd, 229 Miss. 880, 92 *410 So.2d 224 (1957), the assessment roll and the list of lands sold to the state for nonpayment of taxes referred to Deed Book 57, page 588. This could have been a good clue, but the reference to the deed book was erroneous.
The description itself is insufficient to identify any particular tract of land. The parol evidence showed only that Weill knew the land and where it was. This is no aid to the description. We hold, therefore, that the tax sale was void and Weill acquired nothing by the tax deed. A description of land capable of identifying a particular tract of land is a necessary part of the assessment of land for ad valorem taxes to provide adequate notice to the owner as well as to prospective purchasers at tax sales. Due process would not be afforded a landowner if his lands were assessed by a void description; nor can land be conveyed except by a writing containing a description capable of being applied to a particular tract of land.
The decree confirming the tax title is reversed; the bill of complaint dismissed; and judgment is entered here confirming Calmes’ title as prayed for in his crossbill.
Reversed and rendered.
ETHRIDGE, C. J., and JONES, INZER and ROBERTSON, JJ., concur.