PATTERSON, Justice:
Mrs. Inez Nichols brought suit in the Chancery Court of Simpson County to confirm a tax sale upon which she bases her title to the property in litigation and to thereby cancel the claims of Modern Diversified Industries, Inc. and George D. and Lena M. Barrett. The property comprises one-half acre of land in Simpson County upon which there is a home occupied by the Barretts. The defendants by their answer denied the validity of the tax sale and by their cross bill sought to cancel the claims of Mrs. Nichols as a cloud upon their title.
The trial court held the tax sale void and confirmed title in Modern Diversified Industries, Inc. subject to a contract of purchase held by the Barretts. It further held that Modern Diversified Industries, Inc. reimburse Mrs. Nichols and Fordie Nichols, her husband, $375 paid for a quit claim deed from the tax purchaser and any tax money they had paid on the land.
Mrs. Nichols appeals from the invalidation of the tax sale, and Modern Diversified Industries, Inc. cross-appeals from the decree directing it to pay $375 and the amount of the taxes. We affirm on direct appeal and reverse on cross-appeal.
On September 16, 1968, the one-half acre was sold to C. C. Hairston by a tax deed for the 1967 taxes. On the Simpson County Land Assessment Roll for the year 1967 under “Name of Owner” there appears “W. F. Hodge,” and in a column to the right of this name the land is described as “i/¿ a in NE14 NW14 as per DB 473, p-73, section 9, township 1, range 6.” The Notice of Tax Sales published in the Simpson County News on August 19, September 5 and September 12, 1968, described the land which was later sold to Hairston as being situated in the SE¡4 of the NW¡4 rather than in the NE¡4 of the NW14 as it appears on the land assessment roll. The land was described in the Notice to Owners of Land Sold for Taxes as A in NE14 NWV4 as per DB 473,” no page of the book being specified.
We are of the opinion that C. C. Hairston, through whom Mrs. Nichols claims, obtained no title by his tax deed since the notice of lands to be sold erroneously described the lands subject to sale to be within the SE1/4 of the NWj4 rather than within the NE1/4 of the NWJ4-
Moreover, the description on the land assessment roll, “Y¿ a in NE14 NW14.” is dependent upon the reference therein of DB 473, p-37, for validity. Pursuit of this reference or clue to Deed Book 473, page 37, reveals that one H. B. Davis conveyed by warranty deed one-half acre of land to Walker F. Hodge. The description of the one-half acre begins at the northeast corner of the Thomas M. Walker and Iranell Davis Walker property, not otherwise described, and concludes with *720 the statement that it is a portion of that purchased by the grantor from Charles C. Mangum by deed recorded in Book 281 at page 69. Once more pursuing the reference or clue to the book and page mentioned, there is found a deed by Charles C. Mangum to H. B. Davis; however, it has no reference to the lands of Thomas M. Walker and Iranell Davis Walker from which a point of beginning can be established whereby a definitive description of the one-half acre in controversy could be made. The description on the assessment roll was inadequate to identify it with particularity. In Calmes v. Weill, 243 So.2d 408 (Miss.1971), we held:
A description of land capable of identifying a particular tract of land is a necessary part of the assessment of land for ad valorem taxes to provide adequate notice to the owner as well as to prospective purchasers at tax sales. Due process would not be afforded a landowner if his lands were assessed by a void description; nor can land be conveyed except by a writing containing a description capable of being applied to a particular tract of land. 243 So.2d at 410.
The description of the one-half-acre tract upon which the Barretts reside was not only insufficient, it did not furnish a clue from which a description identifying the one-half-acre tract as a party of the land assessments can be found. In this status it did not provide adequate notice to either the owner or to prospective purchasers of the forthcoming tax sale. We are of the opinion that Hairston obtained no title by his tax purchase and the tax deed to him was void. It follows that Mrs. Nichols acquired no title through Hairston’s tax deed. We therefore affirm on direct appeal.
The award of $375 to’ Mrs. Nichols and her husband, Fordie Nichols, reimbursing them for the consideration paid for the quit claim deed from Hairston and for the taxes was error, in our opinion, inasmuch as it was not sought by the bill of complaint and additionally, Fordie Nichols was not a party to the suit. This relief was beyond the scope of the complainant’s pleadings, including the general prayer, and was therefore erroneously made. See Barnes v. Barnes, 317 So.2d 387, 1975, not yet reported.
Affirmed on direct appeal. Reversed and rendered on cross-appeal.
GILLESPIE, C. J., RODGERS, P. J., and SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.