378 So.2d 629 (1979)
Beverly Wilhite McINTOSH
v.
Dan A. McINTOSH, III.
No. 51555.
Supreme Court of Mississippi.
November 28, 1979.
Rehearing Denied January 23, 1980.
Dan R. Wise, Hattiesburg, for appellant.
David Shoemake, Collins, for appellee.
Before ROBERTSON, LEE and BOWLING, JJ.
ROBERTSON, Presiding Justice, for the Court:
Beverly McIntosh appeals from a final divorce decree of the Chancery Court of Covington County, granting her $600 per month child support for her two teen-age children, allowing a $1500 contribution toward her attorney's fees, but denying her any alimony.
In her assignments of error, she contends:
I. The Chancellor erred in denying the appellant's motion for special findings of fact and conclusions of law.
II. The Chancellor erred in awarding $1500 for attorney's fees.
III. The Chancellor erred in denying alimony and granting only $600 per month child support.
*630 Dan and Beverly McIntosh were married in 1963, while Dan was attending law school. Mrs. McIntosh quit school to work so the appellee could finish law school. A son was born in 1964 and a daughter in 1968. They were separated for about a year in 1973, at which time Mrs. McIntosh returned to college and received a teaching degree.
The last few years of their marriage were stormy and unhappy. Mrs. McIntosh had a very close relationship with her mother-in-law, and when she died in 1978, Mr. McIntosh packed up and moved his belongings to his parents' home in Mendenhall, Mississippi.
Mrs. McIntosh is a fulltime school teacher in Collins, with take-home pay of $517.56 per month. She was awarded custody of the two minor children, Dan A. McIntosh, IV, 14 years old, and Aundrea Louise McIntosh, 10 years old, and $600 per month for their support.
Three weeks prior to the court hearing (October 31 and November 1, 1978), the appellee deeded his undivided 1/2 interest in their home to the appellant. The home was built in 1967, and there was a mortgage of $9800 against it. The appellant had to begin paying the monthly mortgage installment of $120.
The principal question involved is whether the substantial inheritances the appellee received from his parents' estates should be taken into consideration in determining the amount of alimony that should be awarded to her and the amount of support money that should be awarded for the children's support and maintenance. Besides the average annual gross income of $32,000 per year which appellee earned working 3 1/2 days per week as a lawyer, Mr. McIntosh had received from his father's estate and under the terms of his will 1/3rd of the corpus which amounted to approximately $73,000. McIntosh is to receive another 1/3 rd five years after his mother's death. His mother died in 1978. Under the terms of his father's will, 1/3rd of his estate was placed in a trust fund for the children's college education.
The appellee's mother's estate was valued at approximately $465,000, and consisted primarily of interest-bearing bonds, some stocks, and substantial savings accounts. In his mother's will, appellee was appointed executor and he was devised and bequeathed 70% of her estate. Under the terms of the will, each of appellee's children will receive 10% of her estate, and the appellant will receive 10% of her estate.
In addition, the appellee was devised his parents' home in Mendenhall, and now resides there. There is no indebtedness of any kind against his parents' home (now his home).

I.

DID THE CHANCELLOR ERR IN DENYING THE APPELLANT'S MOTION FOR SPECIAL FINDINGS OF FACT AND SEPARATE CONCLUSIONS OF LAW?
After the Chancellor had concluded his oral opinion, appellant requested special findings of fact and separate conclusions of law. Mississippi Code Annotated section 11-5-87 (1972), provides in part:
"The chancery courts in all litigated cases, upon the request of any party to the suit, shall find the facts specially and state separately its conclusions of law thereon, ..."
Rule 4.01 of the Uniform Chancery Court Rules provides:
"[A] request therefor must be made either in writing, filed among the papers in the cause, or dictated into the court reporter's record and called to the attention of the Chancellor before he has decided the case; ..." (Emphasis added).
The request of the appellant for special findings of fact and conclusions of law was not timely made, having been orally made after the chancellor had rendered his oral opinion granting a divorce to the appellant. It was within the Chancellor's sound discretion to deny the late request.

*631 II.

WAS THE AWARD OF $1500 ATTORNEY'S FEES ERROR?
Appellant contends that $1500 was entirely inadequate; appellee contends that no award should be made because she had a separate estate and was able to pay her own attorney's fee.
The record reflects that appellant withdrew $2500 from her savings account and paid this to her attorney. This left her with a balance of $2325.48 in her savings account. Her counsel testified that he spent over 100 hours in investigating, preparing and trying this case, that it involved complex matters and the investigation, analysis and study of two large estates, and the ultimate effect of these inheritances on alimony and support money.
We can not say that the chancellor abused his discretion in allowing $1500 as appellee's contribution to her attorney's fees.

III.

DID THE CHANCELLOR ERR IN DENYING ALIMONY AND GRANTING ONLY $600 PER MONTH CHILD SUPPORT?
In view of the fact that the children's paternal grandfather has generously provided for their college education by setting aside in a trust fund 1/3rd of his estate (approximately $73,000), and in view of the fact that under the terms of their grandmother's will each will receive 10% of her estate (which was valued at $465,000), this Court is of the opinion that the award of $600 per month child support is adequate at this time to cover the cost of their support and maintenance.
We are of the opinion, however, that the chancellor erred in not awarding any alimony to the appellant. Appellant and appellee were married in 1963, while he was attending law school. Appellant quit school to work, so that appellee could finish law school. In addition to very substantial inheritances from his parents, the appellee was devised his parents' home in Mendenhall, with all of its furnishings, debt-free. It is only fair that the appellant and their two teen-age children who live with her should also have a home debt-free, and yet the home in Collins has a $9800 mortgage against it, with monthly installments of $120 which appellant has to pay.
We are of the opinion that the appellant should have been awarded $10,000 lump sum alimony, which could be used at her option to pay off the mortgage on the home.
The appellant having moved for an allowance of an attorney's fee for services in this Court, in line with our usual custom of allowing 1/2 of the fee allowed in the lower court, we allow a $750 attorney's fee for services rendered in this Court.
The decree is affirmed in all respects, except in the denial of alimony. The decree is reversed in that respect and $10,000 lump sum alimony is awarded to appellant. $750 attorney's fee is allowed for services of her attorney in this Court.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.