WALKER, Presiding Justice,
for the Court:
This is an appeal from a decree of the Chancery Court of Scott County, Mississippi, dismissing appellant’s petition to partite and mandatorily enjoining him to execute a deed conveying his interest in certain property to the appellee, Bessie Roberts.
We reverse and remand.
Jones A. Winstead and his sister, Bessie Roberts, own approximately three and one-half acres of land located in Scott County as tenants in common, Jones Winstead owning an undivided two-thirds interest in said property and Bessie owning an undivided one-third interest. Located on the property, along with other items, was a 200 gallon butane gas tank valued between $400 and $500. Jones Winstead and Bessie Roberts are non-residents of the State of Mississippi, Jones living in Georgia and Bessie living in Louisiana.
Jones Winstead contacted an attorney in Forest, Mississippi instructing him to submit to Bessie a buy or sell proposal wherein Jones would either buy Bessie’s one-third interest for $2,000 or sell to Bessie his two-thirds interest for $4,000. Prior to the proposal being submitted to Bessie, the attorney’s secretary spoke with Jones Winstead and made a note which she passed on to the attorney indicating the tank was to go with the estate. In his letter submitting the proposal to Bessie, the attorney stated: “Included either way would be the 200 gallon butane tank.” The proposal was accepted by Bessie who chose to purchase Jones Winstead’s undivided two-thirds interest for $4,000. Upon learning that the proposal contained a provision including the tank as part of the sale, Jones Winstead advised the attorney it was not his intention that the tank be included in the sale price of $4,000 as the tank was his personal property. Jones Winstead testified he would have been willing to sell the property and the tank to Bessie for an amount over and above the $4,000 price. Bessie refused the offer.
Thereafter, Jones Winstead refused to execute a deed in favor of Bessie transferring his interest in the property and the tank to her for the amount of $4,000. Jones Winstead filed a petition to partite in the Chancery Court of Scott County, Mississippi, to which Bessie filed her cross-bill seeking specific performance. After trial the chancellor mandatorily enjoined Jones Win-stead to execute a deed conveying his two-thirds undivided interest including the gas tank to Bessie for $4,000.
During the trial Jones Winstead invoked the statute of frauds as set out in Mississippi Code Annotated section 15-3-1 (1972). That section provides in pertinent part:
An action shall not be brought whereby to charge a defendant or other party:

*1139 (c) upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one year; ...
unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith or signed by some person by him or her thereunto lawfully authorized in writing.
The sole question on this appeal that disposes of the case is whether an offer by an attorney for the sale of real estate, made pursuant to instructions from his client, is binding on the client when authority of the attorney from the client is not reduced to writing and signed by the client.
Mississippi has adhered closely to the clear language of the provisions of the statute of frauds. The question raised on this appeal is controlled by the case of Leavenworth v. Lloyd, 229 Miss. 880, 92 So.2d 224 (1957) which did not involve an attorney-client relationship but did involve an admitted agency relationship. We held that the brother who was not authorized in writing to represent his sister in the making of a contract for the sale of real estate could not legally obligate her to the terms of that contract. The brother had no lawful authority to make a contract which was binding on his sister in contravention of the statute of frauds.
We do not have the fact situation before us which the Fifth Circuit had in Hamilton v. Bradford, 502 F.Supp. 822 (S.D.Miss.1980) and it is unnecessary to speculate how this Court would hold under similar circumstances.
The appellee, Bessie Roberts, attempts to invoke the doctrine of equitable estoppel. We need only point out that the elements of equitable estoppel are not present in this case.
For the reasons stated above, the mandatory injunction that Jones Winstead execute a deed in favor of Bessie is dissolved. The judgment granting specific performance is reversed and remanded for further proceedings on Jones Winstead’s petition to partite.
MANDATORY INJUNCTION DISSOLVED, REVERSED AND REMANDED.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.