BLASS, Justice,
for the Court:
This is a dispute over the ownership of land. The seminal source of the problem was a conveyancing error resulting in an erroneous description on the assessment rolls and, consequently, an erroneous description in a tax sale. The sale was confirmed against those holding the last deeds of record under the erroneous description but against no one else. The Bowser title here depends on the erroneous description and on the tax sale and must fail for the reasons hereinafter set out. We affirm the Chancellor’s decision.
It is not necessary to go into the ancient history of the titles to the lands properly belonging to the two claimants here but it will suffice to say that both claimants’ predecessors in title each owned a substantial tract of land, adjoining each other along the long axis of the tracts running North and South and lying between Clarence Avenue on the West and Hope Lane on the East in Pass Christian, Mississippi. From time to time various tracts were sold to individuals. The deeds described the lands by the name of the street or alley constituting one boundary and by giving the name of the present or former owners of the land along other borders of the lot. According to the testimony of the survey- or, measurements are frequently inexact in Pass Christian and the normally accepted *1374 custom is to locate boundaries according to the deeds of record for the surrounding lands and from evidence on the ground. In this case, the Tootle property is on the East, having Hope Lane for its East boundary. The Bowser property was on the West, lying along Clarence Avenue. The tracts lay opposite each other. The street and the alley were sometimes said to be 300 feet apart, although the survey does not show the distances to be correct. Throughout the area it is evident that the properties fronting on Clarence Avenue and the opposite properties fronting on Hope Lane extend in an easterly and a westerly direction, respectively, until they meet at a point half way between the street and the lane.
Bowser’s title arose when he heard that, in the settlement of an estate, there was some property available for sale on Clarence Avenue. The property was described in Bowser’s tax deed as a certain tract measuring 77.5 by 300 feet, being bounded on the South by property now or formerly of Saucier; East by Savage or Hope Lane; North by Bohn and on the West by Clarence Avenue, in the City of Pass Christian. The sale to him was made by a special commissioner appointed by the court in the estate, and a deed was delivered to him. The deed is dated July 19, 1983, and, since that time, Mr. Bowser has paid taxes based on that description.
The Tootle title has been in the DeMetz family since 1923 and has been continuously owned by her father and grandfather and their heirs since that time. The taxes have been paid annually on it. When Ms. Tootle learned of the Bowser description, she brought suit, on January 7, 1987, to establish the heirship of her father and to cancel the Bowser claim as a cloud on her title and to confirm as to a 77 by 120 foot parcel of the land fronting on Hope Lane and extending to the common center line. The Bowser deed, following the description used on the September 20, 1961 tax sale, describes a tract of land measuring 77.5 feet by 300 feet bounded on the South by Saucier, East by Savage or Hope Lane, North by Bohn and West by Clarence Avenue, as we stated above. The tax sale was confirmed against F.E. Grace, Jr., purported owners at the time of the tax sale. However, no notice was given to Ms. Tootle or her predecessors in title. Obviously a 300 foot depth would take in most if not all of the property claimed by Ms. Tootle.
Bowser answered the suit and counterclaimed, affirmatively asserting ten years’ adverse possession of the land in question. The Tootle tract was a part of the tract formerly owned by Savage and if the Bow-ser land is bounded on the East by Savage it could not go beyond the Tootle West line. On the other hand, if the Bowser land was bound on the East by Hope Lane, it would take in all of the Tootle land. It is this uncertainty which dictates the resolution of this dispute.
Bowser testified fully as to his acts of possession. He said that there was a trailer home on the West part of the tract he purchased when he acquired the land; that he repaired the trailer and cleared behind it. He stated that the neighbors had complained of snakes and that on one occasion he cut down two trees and cleared some underbrush on the Hope Lane side of this tract. He has not asserted any other acts of ownership on the tract but has paid taxes on the erroneous description throughout the several years since he received a deed. As stated above, Tootle or her predecessors have paid taxes on this portion of the land formerly owned by Savage, extending to the half-way point between the street and the lane without interruption since 1923.
In the trial, evidence was put on showing the tax sale, and evidence was freely admitted about the acts of possession. Both sides agreed that the possession issue was fully tried. At the close of the evidence, the Chancellor, being obviously sympathetic with both parties but bound by the law, held that Bowser had failed to establish possession of the land for ten years; that the description in his deed and in the tax sale was not definite; that the confirmation of the tax sale did not bind the Tootle predecessors, since they were not named and had no notice. The Chancellor accordingly sustained the Tootle claim and rejected the Bowser claim. Bowser’s attorney then pressed upon the court his claim for possession under § 15-1-15, Miss.Code *1375 Ann., claiming three years possession following the two year redemptive period after the tax sale. He sought to amend to make such a claim but the amendment was not allowed by the Chancellor. Bowser’s counsel offered the proposed amendment, in writing following the trial, but it was not permitted.
Both sides agreed that all issues concerning the tax deed and the three-year statute were tried by consent and there is no suggestion that any further evidence would have been offered had the amendment been allowed. It is plain, as the Chancellor found, that there was no ouster by Bowser of any one from the Tootle tract.
Bowser appeals, assigning the following errors. First, he claims that the Chancellor erred in overruling his motion to amend to conform the pleadings to the proof presented at the trial, and, second, he says that the Chancellor erred in failing to enter appropriate findings of fact and conclusions of law confirming the title in the appellant and removing appellee’s claim, basing his claim here on adverse possession on Miss. Code Ann. § 15-1-15.
Again we note that both parties agreed that all matters concerning the tax deed, the sale, and possession have been fully tried. We understand that amendments may be allowed, even after judgment. See Miss.R.Civ.P. 15(b); Queen v. Queen, 551 So.2d 197, 200 (Miss.1989), where it is recognized that issues not raised by the pleadings but tried by expressed or implied consent shall be treated as if they were raised by the pleadings. Further, the record sets out the amendment which was finally offered by Mr. Bowser.
Having examined the record, and the proposed amendment, we are of the opinion that it made no difference whether the amendment was allowed or not. The statute, § 15-1-15, affording a three-year limitation after two year redemption period following a tax sale, cannot lend validity to a tax sale which is void for want of an adequate description. Possession of the type required-by the statute may set at rest an otherwise void sale but it cannot do so where the invalidity is because of the want of an adequate description. We concur with the Chancellor that the description was contradictory and insufficient. Overby v. Cavanaugh, 434 So.2d 1365, 1366 (Miss.1983); Nichols v. Modern Diversified Industries, Inc., 317 So.2d 718 (Miss.1975); Wilson v. Clark, 278 So.2d 250 (Miss.1973); McGuffee & Templeton v. Rochester, 138 So.2d 281, 243 Miss. 209 (1962).
We observe, further, that the amendment counsel sought to have allowed did not allege possession which would satisfy the statute. The statute requires actual occupancy for three years following the two year period. We do not understand actual occupancy to mean that one must reside personally upon the property but we do understand it to mean possession over the three year period which is of such a nature, throughout the three year period, that another, believing himself or herself to be the owner of the property, would recognize that someone else was asserting a claim to it because of a clearly visible indi-cia of occupancy on the property. Here the record contains all of the proof, as is agreed, but it shows only the single limited incident which we have already discussed. That proof, even if admitted under an amended pleading, would clearly have been inadequate to support a claim under § 15-1-15.
We know of no rule which requires the Chancellor to make a finding of fact and conclusion of law in the absence of a request therefor, timely made. Unif.Chan.Ct.R. 4.01; Miss.R.Civ.Proc. 52; McIntosh v. McIntosh, 378 So.2d 629, 630-31 (Miss.1980). We find no such request in this record.
The decision of the Chancellor is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.