574 So.2d 1369 (1990)
In the Interest of C.B.
Steven Olson BAILEY
v.
Donna WOODCOCK.
No. 07-CA-59340.
Supreme Court of Mississippi.
December 19, 1990.
*1370 Fred M. Harrell, Jr., Robert R. Rester, Jr., Harrell & Rester, Brandon, for appellant.
Pat Donald, Donald Law Office, Morton, for appellee.
C. Bradley Carter, Jackson, for amicus curiae.
Before DAN M. LEE, P.J., and PRATHER and BLASS, JJ.
BLASS, Justice, for the Court:
On September 26, 1985, Steven Olson Bailey was granted a divorce absolute from Donna Marie Bailey, now Donna Marie Woodcock, in the Parish of Franklin, Louisiana, and judgment was accordingly entered on October 4, 1985. Donna was awarded the permanent custody and control of C., a female child, born August 4, 1984. Steve was awarded reasonable visitation privileges.
Donna and C. subsequently moved to the First Judicial District of Hinds County, Mississippi. On June 29, 1987, the Hinds County Welfare Department, Child Protective Services, received a report from Donna stating that after C. came home from spending a week with Steve in Weisner, Louisiana, she noticed that the child was red and irritated in the vaginal area and asked the child what was wrong. According to Donna's report, C. stated that Steve stuck his finger in her. This report and the subsequent investigation by the Hinds County Welfare Department led to the filing, on July 16, 1987, in the Youth Court Division of the County Court, First Judicial District, of a formal petition in the interest *1371 of C. The petition alleged that C. was a sexually abused child, with said sexual abuse having been inflicted by her father, Steve, and that he had performed digital penetration on said child at his home in Weisner, Louisiana.
After two days of trial, December 8, 1987, and December 23, 1987, in which the testimony consisted of statements of the mother, two social workers and the grandparents as to what the child had said at various times, the court entered its order, dated January 5, 1988, adjudicating C. to be a sexually abused child within the purview of the Youth Court Act. The court placed the child in the care and custody of Donna, directed continued treatment for said child as appropriate, and ordered that C. should have no visitation with Steve.
On January 15, 1988, Steve filed his motion to set aside final order and for other relief. He alleged that the adjudication and purported disposition made by the lower court on January 5, 1988, was against the overwhelming weight of the credible evidence and that the court failed to conduct an appropriate disposition hearing prior to the entry of its disposition order of January 5, 1988. Additionally, and on January 15, 1988, Steve filed his motion for written findings of fact and conclusions of law in the court below. On February 2, 1988, Donna filed her answer to the motion to set aside final order, denying that Steve was entitled to any relief requested.
On February 2, 1988, the trial court heard argument of counsel on Steve's motion and on February 16, 1988, entered its order taking under advisement that portion of Steve's motion requesting that the adjudication be set aside, and denying Steve's request that the purported disposition entered on January 5, 1988, be set aside. Subsequently, on March 28, 1988, the court entered its order denying the motion to set aside the final order. This order allowed Steve's motion for written findings of fact and conclusions of law but provided that such would be "held in abeyance pending Steve requesting another disposition hearing in this matter."
Steve appeals, raising the following issues:
1. The lower court was manifestly in error, upon the evidence adduced at trial, in adjudicating C. to be a sexually abused child under the purview of the Youth Court Act.
2. The lower court erred in failing to conduct an appropriate disposition hearing in accord with Miss. Code Ann. § 43-21-601 (1972).
The evidence of abuse by the father consisted entirely of hearsay testimony of statements allegedly made by the child. To admit the hearsay statements of the child the trial court, the youth court[1] in *1372 this case, must determine whether the testimony falls within any of the hearsay exceptions enumerated in M.R.E. 803. Mitchell v. State, 539 So.2d 1366, 1369 (Miss. 1989)[2]. Exceptions which could possibly be applicable appear to be those set out in M.R.E. 803(1), (2), (3), (4) and (24). If the lower court fails to make this determination, the case must necessarily be reversed and remanded for consideration of the testimony under M.R.E. 803 exceptions.
Since the testimony was not found admissible under the M.R.E. exceptions 803(1), (2), (3), or (4), then the youth court must consider whether the testimony is admissible under the catch-all exception of M.R.E. 803(24).
In the instant case, the Court is addressing statements made by the child to two social workers, her mother, and to her grandparents describing the event of sexual abuse some days or weeks after it is said to have occurred. The M.R.E. 803(1) present sense impression does not apply, as that rule requires a statement describing or explaining the event made while the declarant was perceiving the event or immediately thereafter. In the instant case the statements were not made while the child was perceiving the event, nor immediately thereafter.
M.R.E. 803(2) does not apply either, in that it requires a statement relating to a startling event or condition made while the declarant was under the stress of the excitement caused by the event or condition. In the instant case, no report of sexual abuse was reported until a week after the abuse allegedly occurred. The child made her statements to the social workers and her grandparents after the date of the report. Too much time passed for these statements to qualify under this exception.
The statement the child made to her mother on the night of her return from visitation with her father could arguably have been made while still under the stress of the excitement caused by the event of sexual abuse. However, the record shows that the child responded only to questions by the mother. There is no evidence of stress or excitement at the time of the statement.
M.R.E. 803(3) entitled, "then existing mental, emotional or physical condition," is inapplicable as it excludes a statement of memory or belief to prove the fact remembered or believed except as relating to the terms of declarant's will.
M.R.E. 803(4) is inapplicable as it requires statements made for the purposes *1373 of medical diagnosis or treatment. Hall v. State, 539 So.2d 1338 (Miss. 1989), established that hearsay testimony of child abuse counselors was not admissible under medical diagnosis or treatment exception since counselors were not physicians and treatment given was not medical.
A child victim's hearsay could be admissible under M.R.E. 803(24) if the prerequisites for this rule are satisfied. Hall, 539 So.2d at 1342, n. 9.
M.R.E. 803(24) provides:
A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on point for which it is offered than any other evidence which the proponent can procure through reasonable effort; and (C) the general purposes of these rules and the interest of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent makes it known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.
The foundation facts for M.R.E. 803(24) must be met before this rule is available. In jury cases, a preliminary hearing as to admissibility (at which the foundation facts must be established) should be held outside the presence of the jury. Mitchell v. State, 539 So.2d 1366, 1370 (Miss. 1989), discusses the application of the catch-all exception to out-of-court statements made by the child victims of sexual abuse. This catch-all exception should be carefully considered and applied rarely, so as not to devour the hearsay rule. Mitchell v. State, 539 So.2d at 1370. Mitchell noted that some courts have applied the catch-all exception to a child's out-of-court statements about sexual abuse. Id.
M.R.E. 803(24) would not be available to admit the disputed hearsay unless the hearsay statement offered is more probative on point for which it is offered than any other evidence which the proponent can procure through reasonable efforts. Hence, if the child were available to testify, then this catch-all exception would not be available. The child's testimony, not the hearsay, would be "more probative on point for which it is offered than any other evidence which the proponent could procure... ." As stated in Hall, the child is available if located within county of venue.
In considering whether equivalent guarantees of trustworthiness exist, Mitchell noted that other courts have considered the age of the victim, reasoning that young children do not possess enough sexual knowledge to fabricate the incident. Mitchell, 539 So.2d at 1370. These courts look further at the length of the delay in reporting the incident and the surrounding reasons for the delay, such as fear, threats, and lack of opportunity to report. Id. To whom the incident was reported was also considered. Id.
On remand, the lower court must determine if the child's hearsay statements are admissible under M.R.E. 803(24). To determine whether equivalent guarantees of trustworthiness exist, the factors discussed in Mitchell must be considered.
The equivalent guarantees of trustworthiness facts are required to be established as a foundation for admissibility and are to be established at a preliminary hearing. Again, failure to present such foundation facts would preclude admissibility. When a jury is the fact finder, this preliminary hearing should be held outside its hearing. Rule 103(c) of Mississippi Rules of Evidence provides:
In jury cases, proceedings shall be conducted to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.
*1374 Under our present case law it is clear that this case must be reversed and remanded. The trial court made no determination as to whether the hearsay statements by the several witnesses were admissible under any of the M.R.E. 803 exceptions and we have held that the legislative enactment on the admissibility of a child's out of court statements, Miss. Code Ann. § 13-1-403, (1972), was beyond the power of the legislature to adopt under the doctrine of the separation of powers.[3] Even had we not stricken down this statute and even if we were disposed to address, again, the issue of the power of the legislature to prescribe rules of evidence for the courts, it would be pointless to do so in this case. The defendant was not notified ten days before the trial that the statements would be offered in evidence. Neither did the court make the several specific findings of fact on the record, which are required by the act.[4]
What we have here is a case in which the trial court admitted a great deal of hearsay evidence as to statements made by the child; stated that the evidence was received, not as proof of what occurred, but merely as proof that the statements were made; made no findings as the applicability of the M.R.E. 803 exceptions to the hearsay rule; but decided the case without any admissible evidence touching the principal issue involved.
The child was within the jurisdiction of the court. There was no finding that she was "unavailable." There was no finding that the child would be "traumatized" by being questioned. On the contrary, the child seemed inclined to bring up the matter on her own initiative and was certainly not the least reluctant to discuss it. However, so far as the record shows, it appears that there was no thought given to having the child testify. It is not clear that there was any reason to suppose, here, that the child might not have told her story to the court, in the presence of her father, just as well as to the mother, the social workers, and the grandparents.
The courtroom need not be made to appear a place of horrors and is not required, by law, to have any particular configuration. It may look like a playroom, a school room, a family room or living room, so long as the necessary persons are present. Trial courts have substantial control over such matters and can, with sufficient prior planning, preliminary consultation and experimentation, eliminate most of the features of a court appearance that disturbs children. The youth court must, also, have some control over the manner in which questions are put to a child witness so as to protect the witness from improper or excessive intimidation.
This is not a criminal case, but we are of the opinion that the right of confrontation should be accorded to an accused parent in such cases as this. The fact that the accusation is a terrible and shameful one ought not blind us to the plight of one who may stand wrongfully accused. Should this issue arise on further proceedings, we invite attention to Maryland v. Craig, ___ U.S. ___, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990), the latest authoritative discussion of this aspect of the 6th Amendment to the Constitution of the United States.
We have stricken the act of the legislature which would have, if followed, governed this case. We said it involved the inherent power of this Court to decide what evidence is admissible.[5] This is a point upon which we are sharply divided.[6] However this issue may be ultimately resolved, it is clear that we now follow no rules but those set out in our Mississippi Rules of Evidence and there is no rule among those Rules specifically directed at child abuse cases. It appears, then, that trial courts must operate within the rules we have. Where the testimony of the child is needed it should not be declined except to avoid serious risk to the welfare of the child. To *1375 avoid this damage the trial court must have considerable discretion as to the conduct of the examination and the appearance of the courtroom.
We hold that the demand for separate findings of fact and conclusions of law came too late in this case.[7] Had the request been timely made, the court would have been obliged to grant it and might have been led to make some of the missing findings under M.R.E. 803.
We detect in the record some apparent confusion on the meaning of "clear and convincing" evidence. This is a high order of proof and we suggest reference to Aponaug Manufacturing Co. v. Collins, 207 Miss. 460, 473, 42 So.2d 431, 434 (1949), wherein this Court held that the "overwhelming weight of the evidence" falls short of being "clear and convincing." Aponaug, 207 Miss. at 473, 42 So.2d 431, 434.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
HAWKINS, P.J., concurs in part and dissents in part with separate written opinion, joined by PITTMAN, J.
HAWKINS, Presiding Justice, concurring in part and dissenting in part:
I concur that this case should be reversed. It should be reversed in my view because the 1986 Evidence of Child Sexual Abuse Act, Miss. Code Ann. § 13-1-401, et seq. was not followed by the circuit court. I am likewise encouraged and sincerely applaud the misgivings now being expressed of this Court's decision in Hall v. State, 539 So.2d 1338 (Miss. 1989).
I dissent, however, in the majority's failure to go the entire way, overrule Hall and direct the circuit court on remand to follow the provisions of the 1986 Act.
The Court today finds itself in a similar situation we first encountered over three years ago when Hall was before us on appeal. In Hall the provisions of the Act plainly had been ignored by the circuit court, and my preference was to reverse the case for this reason, and direct that upon remand the Act be followed. The Act is a very wise law providing for three safeguards before hearsay evidence may be admitted into evidence:
(1) it must be shown that it is trustworthy [Miss. Code Ann. § 13-1-403(d)], as reliable as direct evidence; and if the child does not testify that it is
(2) absolutely necessary that it be used [Miss. Code Ann. § 13-1-403(1)(c)(iii)]; and finally,
(3) that the defendant be notified well in advance of trial the State intends to use this evidence in order to prepare himself for it.
Hall, more than this case, presented various circumstances in which hearsay statements were made. The child had made statements incriminating his father of sex abuse to:
(1) a counselor in the welfare department,
(2) an aide at the child shelter,
(3) a child psychologist, and
(4) a pediatrician.
There we had an opportunity to fully interpret and give meaning and insight into the Act, and on remand guidance to the circuit courts of this State as to when and under what circumstances the Act permitted hearsay evidence to be introduced. It was a glorious opportunity to give the trial courts of this State guidance in feeling our way forwards in this difficult and evolving field of evidence. Based upon the facts of individual cases, each court would examine the proposed evidence to see if it met the guidelines of the Act, i.e., was it necessary to use the hearsay evidence, was it as reliable and as trustworthy as direct evidence, Idaho v. Wright, ___ U.S. ___, ___, 110 S.Ct. 3139, 3149-50, 111 L.Ed.2d 638 (1990), and finally assure that each accused would be notified at least ten days *1376 prior to trial that the State intended to use such evidence.
It is noteworthy that even with the benefit of four years hindsight and the landmark U.S. Supreme Court decisions in Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988); Maryland v. Craig, ___ U.S. ___, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990); and Idaho v. Wright, supra, this 1986 Legislative Act remains perfectly valid and sound law.[1] Indeed, it is a model act, no doubt emulated by other states.
Instead of following this salutary Act, what did this Court do? We threw it into the trash can.
The legislature has enacted upon a matter at the core of the judicial power. In such circumstances the statute should not be enforced. The integrity of the judicial department of the government of this state demands no less. (Emphasis added)
539 So.2d at 1340.
And on we went.
That being so, it only follows that the officers of neither the legislative nor executive departments of government, acting jointly or severally, had authority to confer legal validity upon the Evidence of Child Sexual Abuse Act. As that act enjoys no legal validity, it may not be regarded "law" within Rule 802, Miss.R.Ev. (Emphasis added; footnote omitted)
539 So.2d at 1346.
If somehow the Mississippi Constitution had explicitly granted the Mississippi Supreme Court exclusive procedural and rule-making power, Hall would still have been an epic blunder. See: People v. McKenna, 196 Colo. 367, 585 P.2d 275 (1978). But, of course, the Mississippi Constitution grants this Court no such power, Article 6, § 146, and Hall was a clear usurpation of Constitutional authority.
Now, after wandering three years in the wilderness, in which trial courts have had no meaningful guidance, as the majority recognizes, and with all the misery Hall has spawned, we again confront evidentiary problems as we did on a much more elaborate scale in Hall.[2] Yet again we send the case back with no meaningful guidelines as we could give under the 1986 Act.
For the reasons stated, I would overrule Hall and remand this case to be tried under the guidelines of the 1986 Evidence of Child Sexual Abuse Act, and I respectfully dissent from the failure of the majority opinion to do so.
I can congratulate the majority that at least this time, at long last, this case is being sent back under recently adopted Rule 803(25). This Rule attempts to say essentially the same thing as, but much inferior to the plain, cohesive and encompassing provisions of Miss. Code Ann. § 13-1-403.
PITTMAN, J., joins this opinion.
NOTES
[1] The youth court judge in this case did not determine whether the child's hearsay was admissable under any of the applicable hearsay exceptions set forth in our Rules of Evidence. Rather, the court claimed to admit the child's hearsay, not for the truth of the matter asserted, but only for the fact that the statements were made. Nonetheless, the youth court must have considered the hearsay statements for the truth of the matter asserted, because, without those statements, there simply was no evidence of any sexual or physical abuse at all.

Rule 1101(b)(3) of the Mississippi Rules of Evidence provides that, except for the rules pertaining to privileges, the Rules do not apply to youth court cases. However, regarding evidence which is admissible in a youth court adjudicatory hearing, Miss. Code Ann. § 43-21-559(1) provides:
(1) In arriving at its adjudicatory decision, the youth court shall consider only evidence which has been formally admitted at the adjudicatory hearings. All testimony shall be under oath and may be in narrative form. In proceedings to determine whether a child is a delinquent child or a child in need of supervision, the youth court shall admit any evidence that would be admissible in a criminal proceeding. In proceedings to determine whether a child is a neglected child or an abused child, the youth court shall admit any evidence that would be admissible in a civil proceeding.
With respect to evidence which is admissible at a disposition hearing, Miss. Code Ann. § 43-21-603(2) (Supp. 1989), allows the court to consider any evidence which is material and relevant to the disposition of the cause, including hearsay and opinion evidence. The instant case involved an adjudication hearing, and therefore, evidence is admissible in so far as it is admissible in a civil proceeding. For an adjudication hearing, the opinion evidence and hearsay evidence would have to be found admissible under the catch-all exception of Rule 803(24), if it were first determined inadmissible under all of the other Rule 803 exceptions. Mitchell v. State, 539 So.2d 1366, 1369 (Miss. 1989). The hearsay evidentiary rules would be applied in the same manner in both civil and criminal cases.
[2] The Court in Mitchell v. State, 539 So.2d 1366 (Miss. 1989), a case where the alleged charge was not reported immediately, found that testimony concerning statements of an alleged child sexual abuse victim was not admissible under the hearsay exception for statements relating to a startling event or condition. The victim in Mitchell did not report the incident on the same day it happened, but may have waited two weeks. Mitchell, 539 So.2d at 1369-70. Victim then spoke only when questioned. The Mitchell Court explained that the trial court was required to determine whether a witness' testimony concerning statements of alleged child sexual assault victim were admissible under the Rules of Evidence, not pre-rule case law. Id. at 1369. The Court noted that many state and federal courts, with rules similar to ours, admit statements by child sexual abuse victims to physicians and psychologists who have been allowed to testify only about the incident, as related by the child, and not about the identity of the assailant unless the identity is pertinent to treatment. Id. The Court gave an example of when the identity of the assailant would be reasonably pertinent to treatment in stating, "such as in cases where the child has been sexually assaulted by a member of the family." Id. (citing Morgan v. Foretich, 846 F.2d 941 (4th Cir.1988); U.S. v. Iron Shell, 633 F.2d 77 (8th Cir.1980); U.S. v. Nick, 604 F.2d 1199 (9th Cir.1979); State v. Robinson, 153 Ariz. 191, 735 P.2d 801 (1987). The Mitchell Court also addressed the catch-all exception to the hearsay rule and explained that our catch-all exception required the statements offered not be specifically covered by any other hearsay exception. Mitchell, 539 So.2d at 1370. However, the statement must have "equivalent guarantees of trustworthiness." Id. See also, Leatherwood v. State, 548 So.2d 389, 398-402 (Miss. 1989) (finding that a minor rape victim's statements to a qualified expert in child behavior did not fall within the hearsay exception for statements made for purposes of medical diagnosis or treatment).
[3] Hall v. State, 539 So.2d 1338 (Miss. 1989).
[4] Miss. Code Ann. § 13-1-403 (Supp. 1990).
[5] Hall v. State, 539 So.2d 1338 (Miss. 1989).
[6] Some believe the act was unconstitutional because of other infirmities.
[7] Miss. Code Ann. § 11-5-87 (1972); Unif.Chan. Ct.R. 4.01; Miss.R.Civ.P. 52; Bowser v. Tootle, 556 So.2d 1373, 1375 (Miss. 1990); McIntosh v. McIntosh, 378 So.2d 629, 630 (Miss. 1979).
[1] In view of Idaho v. Wright and Maryland v. Craig, we should, as authorized by Miss. Code Ann. § 13-1-415 implement the Act by making clear that under Miss. Code Ann. § 13-1-403(1)(c)(ii) the test of unavailability should also embrace whether having to appear as a witness before the accused would substantially impair the child's ability to communicate. Nothing about the Act suggests otherwise. Also, under Miss. Code Ann. § 13-1-403(1)(d) that in evaluating trustworthiness, corroborating evidence should not be considered.
[2] I cannot understand footnote 6 of the majority opinion which states that some members of this Court "believe the act [Miss. Code Ann. § 13-1-403, et seq.] was unconstitutional because of other infirmities." Pray tell why. And which members of this Court? And for what reasons is this gratuitous assertion inserted in the majority opinion?